FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN - 9 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BRIAN MATTHEW McCOLLEY, ) | Case No.  CV 14-03696 JVS (AN) |
| Petitioner, ) | MEMORANDUM AND ORDER |
| v. ) | |
| WARDEN TEWS, ) | |
| Respondent. ) | |

## I. INTRODUCTION

Brian Matthew McColley ("Petitioner") is a federal prisoner proceeding in pro se, incarcerated at the Federal Correction Institution, Victorville I, in Adelanto, California ("FCI") (inmate reg. no. 47116-198). He is currently serving a 33-month sentence, and is projected to be released from the custody of the Federal Bureau of Prisons ("BOP") on November 28, 2014. (Pet. at 2, BOP records.[1])

On May 14, 2014, Petitioner filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), raising four claims. Petitioner's claims are rejected for the reasons discussed below.

///

///

---

[1] The Court takes judicial notice of Petitioner's inmate records with the BOP, which are available on the Internet at http://www.bop.gov. (FED. R. EVID. 201.)

## II. DISCUSSION

**A.      Standard of Review**

　　**1.      Habeas Rules 1 and 4**

　　　　Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition, even if the petition is not filed pursuant to § 2254. Rule 4 of the Habeas Rules requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. Further, the Advisory Committee Notes to Habeas Rule 4 provide "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a § 2241 petition under Habeas Rules 1(b) and 4).

**B.      Analysis**

　　　　The Petition reflects Petitioner is currently being detained at the FCI. (Pet. at 2.) The Petition specifies the reason for Petitioner's detention is "18:2113(A)(D) and 18:2 aiding and abetting bank robbery." (*Id.*) Petitioner states that December 2, 1996, is the date of his sentence that he sustained in the United States District Court for the Southern District of California. (*Id.*) The Petition raises the following four grounds that are directed at the conditions of his confinement: (1) refusal of medical services; (2) confinement to the SHU after complaining about the refusal of medical services; (3) refusal of request for a grievance form; and (4) refusal to dispense medication. (Pet. at 3-4.)

///

///

///

///

1      **1.    Conditions of Confinement**

2          A federal court may not entertain an action over which it has no jurisdiction.

3   *Hernandez v. Campbell*, 204 F. 3d 861, 865 (9th Cir. 2000).

4          Relief by way of a writ of habeas corpus extends to a person in custody under the

5   authority of the United States if the petitioner can show that he is "in custody in violation

6   of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(1) & (3).

7   A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or

8   duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973); *Tucker v.*

9   *Carlson*, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a *Bivens*[2] action that a claim that

10  time spent serving a state sentence should have been credited against a federal sentence

11  concerned the fact or duration of confinement and thus should have been construed as a

12  petition for writ of habeas corpus pursuant to § 2241; however, to the extent the complaint

13  sought damages for civil rights violations, it should be construed as a *Bivens* action);

14  *Crawford v. Bell*, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition

15  challenging conditions of confinement and noting that writ of habeas corpus has

16  traditionally been limited to attacks upon the legality or duration of confinement); *see,*

17  *Greenhill v. Lappin*, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (holding that the

18  appropriate remedy for a federal prisoner's claim that relates to the conditions of his

19  confinement is a civil rights action under *Bivens*); *Evans v. U.S. Penitentiary*, 2007 WL

20  4212339 at *1 (E.D. Cal. Nov. 27, 2007) (holding petitioner is not entitled to habeas relief

21  under § 2241 because his claims regarding a recent transfer and inadequate medical care

22  concern conditions of his confinement). Here, Petitioner's claims concern conditions of

23  confinement that do not bear a relationship to the legality or duration of his confinement.

24  Because these claims relate solely to the conditions of his confinement, it is concluded that

25  the Court lacks habeas corpus jurisdiction over the claims pursuant to § 2241.

26  ///

27  

28          [2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1       **2.**    **The Court declines to construe the Petition as a civil rights complaint.**

2       Although this Court has the discretion to convert the pending Petition to a prisoner

3 civil rights case brought pursuant to *Bivens* in appropriate circumstances, *see Wilwording*

4 *v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407 (1971), *overruled on other grounds by*

5 *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378 (2006), the Court finds it would be

6 inappropriate to do so here for the following reasons.

7       Prisoner civil rights actions under *Bivens* are subject to different requirements than

8 federal habeas proceedings under § 2241. The filing fee for a prisoner civil rights complaint

9 is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28

10 U.S.C. § 1914(a). Prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP")

11 must also qualify for IFP status and become financially responsible for paying the full

12 $350.00 filing fee from their prison trust accounts.  28 U.S.C. §1915(b)(1).

13       Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide

14 that "[n]o action shall be brought with respect to prison conditions under section 1983 of

15 this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

16 correctional facility until such administrative remedies as are available are exhausted." 42

17 U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims

18 relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v.*

19 *Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to

20 bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85;

21 *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001).In order to make sure that a

22 prisoner has complied with the foregoing exhaustion requirements, this Court requires

23 prisoners bringing civil rights actions under *Bivens* to use the Court-approved civil rights

24 complaint form, which contains instructions that are tantamount to general orders of this

25 Court and require the inmate to "attach copies of papers related to the grievance procedure."

26 Civil Rights Complaint Form CV-66, page 3; *see Brady v. Attygala,* 196 F. Supp. 2d 1016,

27 1018 (C.D. Cal. 2002).

28 ///

The Petition and IPF application are not prepared on this Court's approved forms, which are currently Civil Rights Complaint Form (CV-066) and Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-060P). Further, Petitioner has not agreed in writing to pay the required $350.00 filing fee to file a prisoner civil rights complaint. Nor has he authorized prison officials to withdraw funds from his prison trust account to make installment payments on the $350.00 filing fee for a *Bivens* action. Under the circumstances, the Court finds it would be unreasonable to simply presume that Petitioner would continue to pursue this action if he knew he would ultimately be obliged to pay the $350.00 regardless of the outcome, and that his prisoner trust account would be debited until the entire fee was paid in full. In this regard, the Court finds it also inappropriate to construe Petitioner's Petition as a prisoner civil rights complaint because the allegations also fail to state a cognizable *Bivens* claim.

Based upon the foregoing, the Court finds it is inappropriate to construe the Petition as a civil rights complaint and declines to do so.

### III. Conclusion

For the reasons set forth above, the reference to the magistrate judge is vacated, and the Petition is summarily dismissed without prejudice. All pending motions are denied as moot and terminated. A judgment of dismissal of the entire action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: June 6, 2014

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE